JUSTICE LEAPHART
concurring.
¶33 I specially concur only to point out that in ¶ 22, the Court notes that “Oberson has proven, beyond a reasonable doubt, that the ‘gross negligence’ provision in § 23-2-653, MCA (1995), is ‘overbroad,’ extends ‘beyond’ its stated purpose and fails to pass rational basis review.” This Court has applied this “beyond a reasonable doubt” standard to constitutional challenges for over 100 years, beginning with State v. Camp Sing, 18 Mont. 128, 44 P. 516 (1896). The standard is applied by many of our sister states, too numerous to cite. It also finds support in a very early decision from the United States Supreme Court:
“It must be remembered that, for weighty reasons, it has been assumed as a principle, in construing constitutions, by the Supreme Court of the United States, by this court and by every other court of reputation in the United States, that an act of the legislature is not to be declared void unless the violation of the Constitution is so manifest as to leave no room for reasonable doubt;” and, in Fletcher v. Peck, Chief Justice Marshall said, “It is not on slight implication and vague conjecture that the legislature is to be pronounced to have transcended its powers and its acts to be considered void. The opposition between the Constitution and the law should be such that the judge feels a clear and strong conviction of their incompatibility with each other.” It is incumbent, therefore, upon those who affirm the unconstitutionality of an act of Congress to show clearly that it is in violation of the provisions of the Constitution. It is not sufficient for them that they succeed in raising a doubt.
*530 Legal Tender Cases, Knox v. Lee, Parker v. Davis, 79 U.S. 457, 531 (1870).
¶34 Despite this time-honored and well accepted standard of proving unconstitutionality, I nonetheless find this to be an incongruous standard to apply to the proving of a legal proposition as opposed to an issue of fact. I agree with the New York Federal District Court’s observation that the “beyond a reasonable doubt” standard is an “absurd standard of decision” for a question of law. Blue Sky Entertainment, Inc. v. Town of Gardiner, 711 F. Supp. 678, 698 n. 19 (N.D.N.Y. 1989). In Branson School District RE-82 v. Romer, 161 F.3d 619, 636-37, n. 15 (10th Cir. 1998), the Tenth Circuit elaborated:
The court below, and the plaintiffs themselves, assumed on the basis of district court precedent that the plaintiffs must prove the unconstitutionality of Amendment 16 “beyond a reasonable doubt.” [Citations omitted.] This circuit has never applied such a standard of proof to a purely legal question of whether a statute is facially unconstitutional. Cf. Blue Sky Entertainment, Inc. v. Town of Gardiner, 711 F.Supp. 678, 698 n. 19 (N.D.N.Y. 1989) (“In essence, the ‘beyond a reasonable doubt’ standard is suited to resolving questions which involve some element of fact. A question of law is not decided by any standard of decision prescribed for a trier of fact.”).
¶35 I suggest that the Court adopt a standard whereby we invalidate a legislative enactment only upon a plain showing by the challenger that the legislation in question lacks a rational basis. See U.S. v. Mugan, 441 F.3d 622, 627 (8th Cir. 2006); U.S. v. Suarez, 263 F.3d 468, 476 (6th Cir. 2001); and Benning v. Georgia, 391 F.3d 1299, 1303 (11th Cir. 2004).
¶36 However, when reviewing a constitutional challenge under strict scrutiny or middle-tier analysis, the burden to sustain the legislation would be upon the government. For example, to withstand strict scrutiny analysis, the government must demonstrate that the legislation at issue is justified by a compelling state interest and that it is narrowly tailored to effectuate only that interest. Valley Christian School v. High School, 2004 MT 41, ¶ 29, 320 Mont. 81, ¶ 29, 86 P.3d 554, ¶ 29. Similarly, middle-tier scrutiny requires the State to demonstrate that the law in question is reasonable and its interest in the resulting classification outweighs the value of the right of the individual. Snetsinger v. Montana University System, 2004 MT 390, ¶ 18, 325 Mont. 148, ¶ 18, 104 P.3d 445, ¶ 18. Both of these burdens are the State’s-not the challenger’s.
*531 ¶37 Therefore, I would apply the “plain showing of unconstitutionality” burden in challenges reviewed for rational basis, but I would continue to hold the State to its different burdens where it is the government’s obligation to demonstrate that the challenged statute withstands middle-tier or strict scrutiny analysis.
JUSTICE NELSON and JUSTICE COTTER join in the concurring opinion of JUSTICE LEAPHART.